1
2
3
4                      UNITED STATES DISTRICT COURT
5                     NORTHERN DISTRICT OF CALIFORNIA
6
7    GTE MOBILNET OF CALIFORNIA              Case No.  20-cv-05460-DMR
     LIMITED PARTNERSHIP,
8                                            ORDER ON MOTION FOR LEAVE TO
                    Plaintiff,               AMEND AND SUPPLEMENT THE
9                                            COMPLAINT
             v.
10                                           Re: Dkt. No. 30
     CITY OF BERKELEY,
11
                    Defendant.
12

13          Plaintiff GTE Mobilnet of California Limited Partnership dba Verizon Wireless

14   ("Verizon") moves for leave to amend and supplement the complaint.  [Docket No. 30.]

15   Intervenor-Defendants Berryman Reservoir Neighbors ("BRN") oppose the motion.  [Docket No.

16   31.]  Defendant City of Berkeley ("Berkeley") did not file an opposition.  This motion is suitable

17   for determination without oral argument.  Civil L.R. 7-1(b).  For the following reasons, the motion

18   is granted.

19   I.     BACKGROUND

20          A.     Original Complaint

21          This is an action for declaratory judgment under the Telecommunications Act of 1996

22   ("TCA"), 47 U.S.C. § 332(c)(7).  Verizon filed a complaint against Berkeley on August 6, 2020,

23   alleging that Berkeley unlawfully denied Verizon's application to construct a personal wireless

24   service facility in Berkeley, California.  Compl. ¶ 1.

25          Verizon makes the following allegations in its complaint: in December 2018, Verizon filed

26   an application with Berkeley for a use permit to build, operate, and maintain an unoccupied

27   personal wireless service facility ("the project").  The project would consist of six antennas and

28   remote radio units mounted on a new 50-foot pole, with associated equipment and a standby

1   generator installed at ground level.  East Bay Municipal Utility District owns the proposed project

2   site at 0 Euclid Avenue, which houses a 2.6 million gallon water storage tank.  The property is in

3   the Single Family Residential—Hillside Overlay (R-1H) Zoning District.  *Id.* at ¶¶ 16, 17.

4   Verizon proposes to disguise the 50-foot cell tower to look like a pine tree, a so-called

5   "monopine."  According to Verizon, due to the features of the property, the ground-mounted

6   equipment would not be visible from the surrounding streets and the monopine would be largely

7   screened from view or blend into the backdrop of existing trees.  *Id.* at ¶ 19.

8       Berkeley's planning staff reviewed Verizon's application, requested photo-simulations of

9   alternative designs, and hired an expert to conduct peer review of certain aspects of the

10  application.  According to Verizon, the peer review confirmed that the project would comply with

11  FCC safety limits on radio-frequency ("RF") emissions.  Verizon also submitted reports

12  confirming that the project would comply with Berkeley's noise standards.  *Id.* at ¶¶ 20-22.  Upon

13  completion of the application, the planning staff recommended that Berkeley's Zoning Adjustment

14  Board ("ZAB") approve the application.  *Id.* at ¶ 23.

15      The ZAB reviewed the application at a public hearing on June 27, 2019 at which there

16  were presentations from Berkeley's planning staff, Verizon, and members of the public who are

17  opposed to the application.  Project opponents raised concerns about the environmental effects of

18  RF emissions, aesthetics, noise, property values, the need for the project, and various procedural

19  issues.  *Id.* at ¶¶ 25-27.  At the end of the hearing, the ZAB voted unanimously to deny the

20  application on the basis that Verizon had not satisfied various code requirements for approval.  *Id.*

21  at ¶ 28.

22      Verizon timely appealed the ZAB's denial to the Berkeley City Council ("City Council")

23  and submitted additional evidence in support of the application.  *Id.* at ¶¶ 29-31.  The City Council

24  held a public hearing on the appeal on July 7, 2020.  Project opponents again raised concerns

25  about aesthetics, environmental impacts, and safety risks, and procedural issues.  *Id.* at ¶¶ 34-36.

26  The City Council voted to deny the application.  After the hearing, Berkeley posted an annotated

27  agenda on its website that summarized the denial.  Verizon alleges that the application should have

28  been approved because there were no valid or lawful grounds for denial.  *Id.* at ¶¶ 37-40.

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1   The complaint alleges that Berkeley's denial of the application was unlawful because it

2   was not in writing in violation of 47 U.S.C. § 332(c)(7)(B)(iii) and asserts that Berkeley "has

3   never issued a written denial, nor provided any statement explaining its reasons for denying the

4   [a]pplication" (claim one).  *Id*. at ¶¶ 49-51.

5   It further alleges that the denial was not based on substantial evidence in violation of 47

6   U.S.C. § 332(c)(7)(B)(iii) (claim two).  Finally, the complaint alleges the denial was unlawful

7   because it had the effect of prohibiting Verizon from providing personal wireless services in

8   violation of 47 U.S.C. § 332(c)(7)(B)(i)(II) (claim three).

9   **B.       Proposed Amended and Supplemental Complaint**

10   In the proposed first amended and supplemental complaint ("FAC"), Verizon seeks to add

11   allegations about actions that took place after it filed the original complaint.  Specifically, it adds

12   the allegation that on September 8, 2020, Berkeley issued a written denial of its application,

13   stating that the City Council "had denied its Application based on the findings in the enclosed

14   Resolution 69,487 N.S. (the 'Denial Resolution')."  Prop. FAC ¶ 43.  Verizon alleges that the

15   Denial Resolution was not made available to Verizon until September 8, 2020.  *Id*.

16   In the original complaint, the first claim for relief asserted that Berkeley had violated the

17   TCA because its denial of Verizon's application was not in writing.  Compl. ¶ 49.  The proposed

18   FAC replaces this with the claim that Berkeley failed to act on the application "within a reasonable

19   period of time" after it was filed, "in violation of 47 U.S.C. § 332(c)(7)(B)(ii), as interpreted by

20   the Federal Communications Commission ('FCC') in its 'Shot Clock Ruling,' *In re Petition for*

21   *Declaratory Ruling*, 24 FCC Rcd. 13994, 14005 (November 18, 2009) and implementing

22   regulations."  *See* Prop. FAC ¶¶ 3, 52-62 (the "failure to act claim").  Verizon alleges that under

23   the Shot Clock Ruling, the deadline for Berkeley to take final action on the application was July

24   10, 2020, but that it did not act until September 8, 2020.  *Id*. at ¶¶ 53-61.

25   The proposed FAC also adds allegations to the second claim for relief.  It alleges that

26   Berkeley's written denial was not based on substantial evidence in violation of 47 U.S.C. §

27   332(c)(7)(B)(iii).  *See* Prop. FAC ¶¶ 64-65.

28   Finally, Verizon adds allegations in the proposed FAC to clarify its "standing to bring this

3

1    action." Mot. 3; *see* Prop. FAC ¶ 19.

2         **C.    Procedural History**

3         Verizon filed its original complaint on August 6, 2020.  In September 2020, Michael Burt,

4    Angelina DeAntonis, Joann Driscoll, Allen Myers, Regina Myers, Christian L. Raisner, Oliver

5    Raisner, Lucinda Reinold, Wendy Stock, and Paul Teicholz (collectively, "Berryman Reservoir

6    Neighbors" or "BRN") moved for leave to intervene pursuant to Federal Rule of Civil Procedure

7    24(a) and 24(b).  These individuals live near the proposed cell tower.  Each participated in

8    Berkeley's review of Verizon's application before the ZAB and the City Council, and each claims

9    that the presence of the proposed cell tower would adversely impact his or her interests.  Verizon

10   opposed the motion to intervene.  On October 19, 2020, the court granted the motion to intervene

11   and ordered BRN to file an answer by October 23, 2020.  [Docket No. 22.]  Rather than filing an

12   answer, BRN moved pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to

13   dismiss the complaint on November 6, 2020.  [Docket No. 27.]  Eleven days later, on November

14   17, 2020, Verizon filed the motion to amend and supplement the complaint.  The parties stipulated

15   to postpone the briefing and hearing schedule on the motion to dismiss pending the outcome of

16   this motion.  [Docket Nos. 29, 30.]

17   **II.   LEGAL STANDARD**

18        Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings.  Under

19   Rule 15(a), leave to amend should be granted as a matter of course, at least until the defendant

20   files a responsive pleading.  Fed. R. Civ. P. 15(a)(1).  After that point, Rule 15(a) provides

21   generally that leave to amend the pleadings before trial should be given "freely . . . when justice so

22   requires."  Fed. R. Civ. P. 15(a)(2).  "This policy is to be applied with extreme liberality."

23   *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted).

24   In the absence of an "apparent" reason, such as undue delay, bad faith or dilatory motive,

25   prejudice to the opposing party, futility of the amendments, or repeated failure to cure deficiencies

26   in the complaint by prior amendment, it is an abuse of discretion for a district court to refuse to

27   grant leave to amend a complaint.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin

28   Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).  These factors do not "merit equal

United States District Court
Northern District of California

weight," and "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id*. (emphasis in original).

Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); *see Eid v. Alaska Airlines, Inc*., 621 F.3d 858, 874 (9th Cir. 2010) (explaining that "Rule 15(d) provides a mechanism for parties to file additional causes of action based on facts that didn't exist when the original complaint was filed."). Rule 15(d) "is a tool of judicial economy and convenience" and "is intended to give district courts broad discretion in allowing supplemental pleadings." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). The rule "enable[es] a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted." *Id*. (quotation marks and citation omitted). The goal of Rule 15(d) is judicial efficiency. *See Planned Parenthood v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (citing *Keith*, 858 F.2d at 473). "[F]actors such as prejudice to the defendant, laches, or futility may weigh against allowing a supplemental pleading." *Yates v. Auto City 76*, 299 F.R.D. 611, 613 (N.D. Cal. 2013) (citations omitted).

## III.   DISCUSSION

### A.  Amendment as of Right Under Rule 15(a)

BRN moved to dismiss the complaint on November 6, 2020. Verizon filed the instant motion on November 17, 2020. Verizon contends that most of its proposed amendments are therefore permitted without leave of court pursuant to Rule 15(a)(1)(B), which provides that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." As to Verizon's new allegations addressing Berkeley's September 8, 2020 written denial (the "failure to act" claim), Verizon asserts that supplementation of the complaint is appropriate under Rule 15(d) because Berkeley's written denial of the application is an event that happened

United States District Court
Northern District of California

United States District Court
Northern District of California

1    after the date of the original complaint.  Verizon explains that rather than filing an amended

2    complaint as of right before seeking leave to file a supplemental complaint to add the failure to act

3    claim, it is now attempting "to streamline the case by incorporating all proposed changes into a

4    single operative complaint."  Mot. 3.

5          BRN disputes the application of Rule 15(a)(1)(B) to the proposed amendments.  It

6    contends that it served a "responsive pleading" on Verizon on September 7, 2020 by attaching a

7    copy of its proposed answer to its motion to intervene.  Opp'n 11 n.2 (citing Docket No. 10-11,

8    Proposed Answer).  Accordingly, it argues, the 21-day time limit for amendment as of right began

9    running on September 7, 2020 and expired well before Verizon filed its motion.

10         BRN's argument lacks merit.  To date, neither BRN nor Berkeley has filed or served an

11   answer or other responsive pleading.  BRN offers no authority that a proposed answer submitted

12   in connection with a motion constitutes a "responsive pleading" within the meaning of Rule 15(a)

13   or Rule 7(a), which lists "pleadings allowed."  Accordingly, as Verizon filed the instant motion

14   within 21 days after service of BRN's Rule 12(b) motion to dismiss, it may amend the complaint

15   as a matter of course under Rule 15(a)(1)(B).  This includes revisions to and/or new paragraphs 6,

16   9, 19, 28, 30, 40, and 49 in the proposed FAC.

17         **B.    Supplementation Under Rule 15(d)**

18         Rule 15(d) allows a court to permit supplementation of a pleading "setting out any

19   transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

20   Verizon seeks supplementation under Rule 15(d) to add its failure to act claim based on

21   Berkeley's issuance of the September 7, 2020 written denial.  BRN opposes granting leave to

22   supplement the complaint to add Verizon's proposed failure to act.  It argues that the proposed

23   claim is futile, that allowing the claim would prejudice BRN, that Verizon has unduly delayed in

24   bringing the motion, and that Verizon acted in bad faith and failed to take advantage of prior

25   opportunities to amend.[1]

26   _____

27   [1] In its 24-page opposition brief, BRN attempts to incorporate by reference the arguments set forth
     in its pending motion to dismiss.  Opp'n 1.  This is an improper attempt to get around the page

28   limits set forth in Civil Local Rule 7-3, which provides that any opposition to a motion "may not
     exceed 25 pages of text."  The court will only consider those arguments contained in the

United States District Court
Northern District of California

### 1.    Futility

BRN argues that Verizon's proposed failure to act claim is futile for two reasons: (1) it is barred by the statute of limitations applicable to claims under the TCA; and (2) Verizon is not entitled to injunctive relief on the claim.

### a.    Statute of Limitations

BRN's statute of limitations argument is as follows: the proposed FAC alleges that the FCC's Shot Clock Ruling "established a rebuttable presumption that a 'reasonable period of time' under 47 U.S.C. Section 332(c)(7)(B)(ii) is 90 days to process a 'collocation' application, and 150 days to process all other applications." Prop. FAC ¶ 53.  Verizon's application was subject to the 150-day deadline under the Shot Clock Ruling, and the deadline was extended numerous times by agreement between Verizon and Berkeley.  The last of their agreements extended the deadline to July 10, 2020, which Verizon alleges was the "outside deadline for the City to take final action on the Application." *Id.* at ¶¶ 55-60.  The proposed FAC alleges that Berkeley did not take final action on the application until September 8, 2020, the date of its written denial. *Id.* at ¶ 61.  BRN contends, and Verizon does not dispute, that Verizon was required to commence an action challenging Berkeley's alleged failure to act "within 30 days after such . . . failure to act."  47 U.S.C. § 332(c)(7)(B)(ii).  According to BRN, since Verizon waited until November 17, 2020 to move for leave to add the failure to act claim, the proposed claim is "plainly barred by the statute of limitations." Opp'n 12.[2]

In response, Verizon argues that under Rule 15(c), the proposed FAC relates back to the date of the original complaint—August 6, 2020—because the original and amended claims all arose out of the same transaction and occurrence.  In relevant part, Rule 15(c) provides that "[a]n

---

opposition to the motion to amend.

[2] BRN argues that claim one in the original complaint is not ripe, since it was filed before Berkeley's issuance of a written decision on the application. Opp'n 15-16.  It also asserts that the other claims in the FAC are "barred by the statute of limitations and must be dismissed," noting "the many reasons stated in BRN's motion to dismiss." *Id.* at 14.  These arguments are improper and the court will not consider them.  They are based on the arguments in BRN's motion to dismiss, which is not currently before the court.  The only issue before the court is whether Verizon should be granted leave to file an amended and supplemental complaint under Rules 15(a) and 15(d).

1    amendment to a pleading relates back to the date of the original pleading when . . . the amendment

2    asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or

3    attempted to be set out—in the original pleading[.]"  Fed. R. Civ. P. 15(c)(1)(B).  In support,

4    Verizon cites *T Mobile Northeast LLC v. City of Wilmington, Delaware*, 913 F.3d 311 (3rd Cir.

5    2019).  In *T Mobile*, the plaintiff, a wireless telecommunications service provider, applied to a

6    zoning board for permission to erect an antenna in Wilmington, Delaware.  *Id*. at 316.  The zoning

7    board orally denied the application at an October 2016 hearing but did not put the decision in

8    writing on the date of the hearing "or anytime soon thereafter."  *Id*.  The plaintiff filed suit against

9    Wilmington in district court within 30 days of the oral decision, challenging the denial under the

10   TCA.  The zoning board did not issue a written decision on the application until December 2016,

11   after Wilmington filed its answer to the complaint.  *Id*. at 316, 322.

12        The parties subsequently filed cross motions for summary judgment.  In its motion,

13   Wilmington moved in the alternative to "dismiss the complaint as unripe because it was filed

14   prematurely, i.e., before the written decision had been issued."  *Id*. at 317.  The plaintiff then

15   moved for leave to amend or supplement the initial complaint to include the issuance of the

16   written decision on the application.  The district court granted the motion to supplement and

17   Wilmington moved to dismiss the supplemental complaint as untimely.  It ultimately granted

18   Wilmington's cross motion for summary judgment, finding that the initial complaint "was

19   irreparably unripe because both the TCA and Delaware law require the [zoning board] to issue a

20   written decision before the agency's action could be considered final."  Therefore, the plaintiff had

21   filed its complaint too soon.  *Id*.  The district court also held that the supplemental complaint

22   "could not fix the ripeness problem because it was filed past the 30-day window for seeking

23   review of the [zoning board's] final action."  *Id*.  It did not reach the question of whether the

24   plaintiff's supplemental complaint was entitled to the benefit of Rule 15(c)'s relation back

25   doctrine.  *Id*.

26        On appeal, the Third Circuit held that the zoning board's oral decision was not a "final

27   action" within the meaning of the TCA, and that "only a written decision can serve as a locality's

28   final action when denying an application" for purposes of starting the 30-day time limit for filing

8

1    suit. *Id*. at 318-22.  Therefore, it concluded that the plaintiff's original claim for relief, which

2    challenged the October 2016 oral decision, was not ripe for review when filed. *Id*. at 322.  The

3    court further found that the supplemental complaint, which was filed more than 30 days after the

4    zoning board issued its written decision, was untimely under the TCA. *Id*. at 323.  Accordingly, it

5    concluded that the district court "only had jurisdiction if [the plaintiff's] supplemental complaint

6    cured the ripeness flaw in its original complaint by relating back to the original filing date." *Id*.

7        The Third Circuit ultimately held that "an untimely supplemental complaint can, by

8    relating back, cure an initial complaint that was unripe." *Id*. at 326.  It observed that "Rule 15

9    does not indicate whether or under what circumstances a supplemental pleading can relate back to

10   the date of the original pleading to avoid the effect of a time limit."  However, "case law and

11   secondary sources have long instructed that once a supplemental complaint is granted, it is treated

12   like an amended complaint for purposes of relation back." *Id*. at 327.  Therefore, it concluded,

13   "even though Rule 15(d) is in a separate statutory provision from Rule 15(c), a supplemental

14   complaint can relate back" if "it meets the basic test for relation back prescribed by Rule 15(c)";

15   that is, if there is a "common core of operative facts in the two pleadings." *Id*. at 327-28

16   (quotation marks and citation omitted).  The court found that the test was met, since "[b]oth

17   complaints rely on the same core facts.  The written denial was a certification and restatement of

18   the earlier oral denial." *Id*. at 328.  The court emphasized both the "clear preference embodied in

19   Rule 15 . . . for merits-based decision making," as well as the fact that "Wilmington had notice of

20   everything in the supplemental complaint." *Id*. at 328.

21       The Third Circuit's approach in *T Mobile* is consistent with Ninth Circuit law. *See id*. at

22   328 (noting "[o]ur sister circuits have recognized" the problem that would be created "[i]f a

23   supplemental complaint cannot cure an unripe complaint").  For example, in *Security Insurance

24   Co. v. United States ex rel. Haydis*, 338 F.2d 444, 445 (9th Cir. 1964), the plaintiff, who had

25   supplied materials to a contractor, filed his complaint against the contractor prematurely; under the

26   relevant statute, he was required to wait 90 days after the last day materials or labor were supplied

27   to file suit.  The defendant moved to dismiss the complaint on the day set for trial, arguing that the

28   case should be dismissed because the complaint was premature.  The plaintiff then filed a

supplemental complaint, and the defendant argued that the case should be dismissed anyway, because (1) the original complaint was premature; (2) the supplemental pleading was filed after the one-year statute of limitations had expired and should not relate back; and (3) even if the allegations in the supplemental pleading did relate back, "they must relate back to the time when the action was filed and at that time the plaintiff had no claim for relief." *Id*. at 446.  The Ninth Circuit refused to dismiss the case, holding that the supplemental pleading could relate back to the original complaint under Rule 15(c) even though Rule 15(d) does not mention relation back.  It also held that it "was not required to apply the doctrine of relation back so literally as to carry it to a time within the ninety-day period [specified in the statute], so as to prevent the maintenance of the action in the first place." *Id*. at 449.

The facts of *T Mobile* are on all fours with the facts of this case.  Here, the proposed FAC adds an allegation that Verizon filed its lawsuit "in an abundance of caution" on August 6, 2020, within 30 days of the Berkeley City Council's vote, because it was concerned "that [Berkeley] or a potential intervenor might argue that the annotated agenda published on [Berkeley's] website shortly after the Council voted to deny the Application constituted a written denial."  Prop. FAC ¶ 42.  This allegation appears to anticipate BRN's ripeness argument, which is not properly before the court at this time.  In any event, the court need not resolve the question of ripeness in determining the propriety of Verizon's proposed failure to act claim under Rule 15(d), because under the persuasive reasoning of *T Mobile*, "a pleading filed according to Rule 15(d) can relate back" if it meets the test for relation back under Rule 15(c).  913 F.3d at 327; *see also Security Ins*., 338 F.2d at 449.  In this case, Verizon's proposed FAC relates back, because it is crystal clear that "[b]oth complaints rely on the same core facts," and "[t]he written denial was a certification . . . of the earlier . . . denial." *Id*. at 328. *See also Yates*, 299 F.R.D. at 615 (noting that "[r]elation back can apply to supplemental pleadings, and not just amended pleadings" and allowing relation back for subsequent events that fell outside the limitations period but had "at least some 'relatedness'" to the original events).  BRN does not dispute that the original and amended claims "arose out of the conduct, transaction, or occurrence set out" in the complaint. *See* Fed. R. Civ. P. 15(c)(1)(B).

1    In response to this authority, BRN argues that the court should not follow *T Mobile*, citing

2    arguments in its motion to dismiss.  Opp'n 14.  As noted, the court rejects BRN's inappropriate

3    effort to incorporate by reference its pending motion to dismiss.  BRN also cites cases that it

4    claims support the proposition that relation back cannot be used to cure an untimely amendment.

5    *Id.* at 14-15 n. 4.  However, the cases it cites are readily distinguishable from the facts of this case,

6    because the issue in those cases was whether a party may "benefit from" relation back where the

7    original pleading was itself filed *after* the applicable statutes of limitation had lapsed.  *See, e.g.,*

8    *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001) ("An amended complaint does not relate

9    back to the filing of the original complaint if the original complaint, itself, was filed after the

10   expiration of the statute of limitations." (quotation omitted)).  None of the cases BRN cited

11   address relation back in this context, where BRN contends the original pleading alleged a claim

12   that was not ripe for review.

13        In sum, the court rejects BRN's futility argument based on the statute of limitations.

14                        **b.    Available Relief**

15        BRN also argues that the failure to act claim is futile because it asks for relief that is either

16   not available or not "useful."  Specifically, the proposed FAC asks the court to declare that

17   Berkeley violated 47 U.S.C. § 332(c)(7)(B)(ii) by failing to take final action within a reasonable

18   period of time and requests injunctive relief in the form of an order "directing [Berkeley] to issue

19   forthwith all permits and other approvals required in order to allow Verizon Wireless to proceed"

20   with the project proposed in the application.  It also asks for a declaration that Berkeley failed to

21   take action on the application "within a reasonable period of time" under the TCA, the Shot Clock

22   Ruling, and applicable regulations.  Prop. FAC Prayer ¶¶ 1, 4.  BRN argues that injunctive relief

23   compelling Berkeley to grant the application "is not an authorized form of relief" for this claim

24   and Berkeley's "rendering of a written denial makes the claim for any other injunctive relief

25   moot."  Opp'n 13-14.[3]  It also argues that Verizon's request for declaratory relief "would serve no

26   useful purpose."  *Id.* at 14.

27

28   _____

     [3] Verizon disputes BRN's claim that injunctive relief is not available for this claim.  Reply 10-11.

United States District Court
Northern District of California

1    BRN's argument is not well taken.  Disputes about whether a form of relief is available for

2    a particular claim or whether a different form of relief is appropriate or justified do not bear on the

3    question of whether the claim itself is futile.  "A proposed amendment is futile only if 'no set of

4    facts can be proved under the amendment that would constitute a valid claim or defense.'"  *Miller*

5    *v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft*

6    *v. Iqbal*, 556 U.S. 662 (2009).  The parties' arguments about the availability and appropriateness

7    of the requested forms of relief are better addressed at a later stage in the proceedings.

8    Accordingly, BRN has not shown that Verizon's motion to add the failure to act claim

9    should be denied on the basis of futility.

10    **2.    Prejudice**

11    BRN argues that it would be prejudiced if the court grants Verizon leave to file the

12    proposed FAC.  It states that the proposed FAC will add "complexity" to the case, cause delays,

13    and force it to incur added costs to defend the action based on the need to conduct discovery.

14    Opp'n 19-20.

15    The court finds that BRN has not established prejudice sufficient to justify denying leave

16    to file the proposed FAC.  This case is at an early stage.  Verizon filed the instant motion three

17    months after filing the original complaint, and only two months after learning of the written

18    denial.  BRN has been on notice of all of the facts alleged in the proposed FAC as of the time

19    those recently unfolding facts occurred.  The proposed amendments do not add any appreciable

20    complexity to the existing case.  As to the need to conduct discovery related to the failure to act

21    claim, "[t]he burden of having to defend a new claim alone is not undue prejudice under Rule 15."

22    *Dep't of Fair Employment & Hous. v. Law Sch. Admission Council, Inc.*, No. C-12-1830 EMC,

23    2013 WL 485830, at *5 (N.D. Cal. Feb. 6, 2013) (citations omitted).

24    **3.    Delay and Bad Faith**

25    Finally, BRN argues that Verizon has unduly delayed in bringing its motion, acted in bad

26    faith, and failed to take advantage of prior opportunities to amend.  It contends that Verizon has

27    not adequately explained why it waited until November 17, 2020 to file its motion; that Verizon's

28    bad faith is demonstrated by including "patently frivolous" claims in the proposed FAC; and that

United States District Court
Northern District of California

12

1    Verizon could have moved to amend immediately after receiving its motion to intervene, which

2    identified "defects" in the original complaint.  Opp'n 21-23.

3        None of these arguments are persuasive.  As discussed above, Verizon moved to amend

4    three months after it filed the complaint, and only two months after learning of the written denial.

5    This does not constitute "undue delay," especially given that the case is in its early stages.  Despite

6    BRN's contention that Verizon's claims are "patently frivolous," it has failed to show that the

7    failure to act claim is futile for the reasons discussed above.  The viability of Verizon's other

8    claims is not before the court at this time.

9        In sum, BRN has failed to show that any of the *Foman* factors weigh against granting

10   Verizon leave to file the proposed FAC.  The court concludes that permitting Verizon to amend

11   and supplement the complaint will serve judicial efficiency by "promot[ing] as complete an

12   adjudication of the dispute between the parties as possible."  *See Keith*, 858 F.2d at 473-74

13   (quotation marks and citation omitted).

14   **IV.    CONCLUSION**

15       For the foregoing reasons, Verizon's motion to amend and supplement the complaint is

16   granted.  Verizon shall e-file its proposed FAC within five days of the date of this order.  BRN's

17   motion to dismiss the complaint (Docket No. 27) is denied as moot.

18

19       **IT IS SO ORDERED.**

20   Dated: January 29, 2021

21



22                                                    Donna M. Ryu
                                            United States Magistrate Judge

23

24

25

26

27

28

United States District Court<br>Northern District of California