UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GTE MOBILNET OF CALIFORNIA
LIMITED PARTNERSHIP,

Plaintiff,

v.

CITY OF BERKELEY, et al.,

Defendants.

Case No. 20-cv-05460-DMR

ORDER DENYING MOTION FOR
LEAVE TO FILE A MOTION FOR
RECONSIDERATION

Re: Dkt. No. 50

Plaintiff GTE Mobilnet of California ("Verizon") filed this action for declaratory judgment under the Telecommunications Act of 1996 ("TCA"), 47 U.S.C. § 332(c)(7) against Defendant City of Berkeley ("Berkeley"), alleging that Berkeley unlawfully denied Verizon's application to construct a personal wireless service facility in Berkeley, California.  Intervenor-Defendants Berryman Reservoir Neighbors ("BRN") moved pursuant to Federal Rules of Civil Procedure to dismiss Verizon's First Amended and Supplemental Complaint ("FASC"), which the court denied on September 28, 2021.  [Docket No. 47.]  BRN now moves pursuant to Civil Local Rule 7-9 for leave to file a motion for reconsideration of portions of the order denying its motion to dismiss.  [Docket Nos. 50, 50-1 (Burt Decl. Oct. 12, 2021).]  This matter is suitable for resolution without a hearing.  Civ. L.R. 7-1(b).  For the following reasons, the motion is denied.

I.     BACKGROUND

The facts of this case were set forth in detail in the court's September 28, 2021 order denying BRN's motion to dismiss.  *GTE Mobilnet of California Ltd. P'ship v. City of Berkeley* ("*GTE II*"), No. 20-CV-05460-DMR, 2021 WL 4442650 (N.D. Cal. Sept. 28, 2021).  In relevant part, Verizon alleges that it filed an application with Berkeley for a use permit to build, operate, and maintain an unoccupied personal wireless service facility ("the project").  East Bay Municipal

United States District Court
Northern District of California

1   Utility District ("EBMUD") owns the proposed project site in Berkeley. *Id*. at *1. After

2   reviewing Verizon's application, Berkeley's planning staff recommended that Berkeley's Zoning

3   Adjustment Board ("ZAB") approve the application. Members of the public voiced opposition to

4   the project at a June 2019 hearing and the ZAB voted unanimously to deny the application.

5   Verizon appealed the denial to the Berkeley City Council and submitted additional supporting

6   evidence. The City Council held a hearing on the appeal on July 7, 2020 at which project

7   opponents again raised objections and the City Council voted to deny the application. *Id*.

8        Verizon filed the original complaint on August 6, 2020, alleging that Berkeley's denial of

9   the application was 1) unlawful because it was not in writing in violation of 47 U.S.C. §

10  332(c)(7)(B)(iii); 2) not based on substantial evidence in violation of 47 U.S.C. §

11  332(c)(7)(B)(iii); and 3) unlawful because it had the effect of prohibiting Verizon from providing

12  personal wireless services in violation of 47 U.S.C. § 332(c)(7)(B)(i)(II). Berkeley issued a

13  written denial of Verizon's application after it filed the original complaint. *GTE II*, 2021 WL

14  4442650, at *2.

15       BRN is a group of 10 individuals who live near the proposed cell tower and oppose the

16  project. *Id*. In October 2020, the court granted BRN leave to intervene pursuant to Federal Rule

17  of Civil Procedure 24(a) and ordered it to file an answer. Instead of filing an answer, BRN moved

18  pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the complaint.

19  Verizon then filed a motion to amend and supplement the complaint to add a claim that Berkeley

20  failed to act on its application within a reasonable period of time in violation of 47 U.S.C. §

21  332(c)(7)(B)(ii). *Id*. The court granted Verizon's motion to amend and supplement the complaint

22  and denied BRN's motion to dismiss the complaint as moot. *GTE Mobilnet of California Ltd.

23  P'ship v. City of Berkeley* ("*GTE I*"), No. 20-CV-05460-DMR, 2021 WL 308605, at *6, 8 (N.D.

24  Cal. Jan. 29, 2021).

25       Verizon subsequently filed the FASC. BRN again moved to dismiss the FASC, making

26  three arguments: 1) the court lacks subject matter jurisdiction because the FASC was not filed

27  during the 30-day window set forth in the TCA and thus is not ripe, and relatedly, the TCA's 30-

28  day commencement of suit provision is jurisdictional and not subject to the relation back doctrine

2

1   set forth in Rule 15(c); 2) the court lacks subject matter jurisdiction because Verizon lacks

2   standing to bring this action; and 3) the FASC is untimely.  BRN also moved to dismiss the

3   FASC's requests for "costs and disbursements" incurred in the action pursuant to 28 U.S.C. §

4   1920.  [Docket No. 40 (BRN's Mot. to Dismiss).]

5          The court denied BRN's motion in its entirety on September 28, 2021.  *GTE II*, 2021 WL

6   4442650.  Only its ruling on standing is relevant here.  BRN's standing argument rested on

7   "language in a November 8, 2018 'Telecommunications Lease' between EBMUD and Verizon, as

8   well as purported statements by 'the Director of EBMUD.'"  *Id*. at *6.  BRN submitted the

9   "Telecommunications Lease" as an exhibit to its motion.  [*See* Docket No. 40-3.]  As to the

10  statements by EBMUD's director, BRN cited a document entitled, "Partial transcript of hearing

11  before Berkeley City Council, July 7, 2020, statement of East Bay Municipal Utilities District

12  Director Andy Katz."  [*See* Docket No. 40-1.]  It is unclear who prepared the purported transcript

13  as it is unsigned and not certified.  BRN also submitted this document as an exhibit.

14         In denying the motion, the court noted that none of BRN's exhibits were authenticated

15  pursuant to Civil Local Rule 7-5(a).  *GTE II*, 2021 WL 4442650, at *3 n.1.  That rule provides:

16             Factual contentions made in support of or in opposition to any motion
               must be supported by an affidavit or declaration and by appropriate
17             references to the record. Extracts from depositions, interrogatory
               answers, requests for admission and *other evidentiary matters must
18             be appropriately authenticated by an affidavit or declaration*.

19
20  N.D. Cal. Civ. L.R. 7-5(a) (emphasis added).  Given counsel's failure to authenticate the

21  documents, the court held that it could not consider them in ruling on the motion.  It also ordered

22  BRN's counsel "to familiarize themselves with the Local Rules regarding motion practice."  *GTE

23  II*, 2021 WL 4442650, at *3 n.1.

24         The court went on to reject BRN's standing argument because it raised factual issues that

25  could not be decided at the pleadings stage and also because BRN had not adequately explained its

    position:

26
27             Even if BRN properly had submitted the materials for consideration
               under Rule 12(b)(1), the parties' arguments raise factual issues that
28             are not conducive to determination on a pleadings motion. In any
               event, BRN does not explain how a provision in the lease purportedly

United States District Court
Northern District of California

3

1

giving EBMUD final authority to reject the project defeats Verizon's
Article III standing to challenge Berkeley's decision on its application
under the TCA.

2

3    *Id.* at *6.

4        BRN now moves for leave to file a motion for reconsideration of the court's order on its

5    standing argument.

6    **II.     LEGAL STANDARD**

7        Pursuant to Civil Local Rule 7-9, a party may seek leave to file a motion for

8    reconsideration of an interlocutory order at any time before judgment.  Civ. L.R. 7-9(a).  A motion

9    for reconsideration may be made on one of three grounds: (1) a material difference in fact or law

10   exists from that which was presented to the court, which, in the exercise of reasonable diligence,

11   the party applying for reconsideration did not know at the time of the order for which

12   reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a

13   manifest failure by the court to consider material facts or dispositive legal arguments presented

14   before such order.  Civ. L.R. 7-9(b)(1)-(3).  Reconsideration of a prior ruling is an "extraordinary

15   remedy, to be used sparingly."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.

16   2000).  The moving party may not reargue any written or oral argument previously asserted to the

17   court.  Civ. L.R. 7-9(c).

18   **III.    DISCUSSION**

19       BRN moves for leave to file a motion for reconsideration of the court's refusal to consider

20   the three exhibits attached to its motion as well as its rejection of BRN's standing argument.  It

21   argues that reconsideration is warranted based on the court's "manifest failure" to "consider

22   material facts or dispositive legal arguments which were presented to the Court."  Mot. 2.

23       First, BRN argues that the court's refusal to consider the three unauthenticated exhibits did

24   not take into account that BRN had premised its motion on "the complaint and other filed records

25   in this case," and that BRN's counsel had previously authenticated the three exhibits in a filing

26   made earlier in the case.  Mot. 2-3.  BRN also notes that Verizon did not object to the exhibits and

27   quoted from the lease agreement in its opposition, thereby waiving any objection.  *Id*. at 3-5.  BRN

28   does not dispute that it failed to comply with Local Rule 7-5(a), but argues that the court's refusal

United States District Court
Northern District of California

4

to consider the exhibits "violated the letter and spirit" of Federal Rules of Civil Procedure 1 and 61, which provide in relevant part that the rules of civil procedure "shall be construed to secure the just, speedy, and inexpensive determination of every action"[1] and that "[a]t every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." *Id*. at 5-6.

BRN's argument inappropriately shifts counsel's responsibilities to the court. The court is not obligated to comb through the docket to see if it might find the materials that BRN's counsel was required to file under Local Rule 7-5 and Federal Rule of Evidence 901. It is counsel's job to follow basic procedural rules which are designed to promote fairness and efficiency. Unfortunately, this is not the first time BRN's counsel failed to comply with the Local Rules. In its order granting Verizon's motion to amend and supplement the complaint, the court noted that BRN "attempt[ed] to incorporate by reference" arguments set forth in a different brief, which the court held was "an improper attempt to get around the page limits set forth in Civil Local Rule 7-3, which provides that any opposition to a motion 'may not exceed 25 pages of text.'" *GTE I*, 2021 WL 308605, at *4 n.1.

Next, BRN contends that the court "failed to consider or rule upon BRN's legal argument . . . that the lease was subject to judicial notice because Verizon had quoted from it in the FAC." Mot. 7. This too is unpersuasive. BRN's entire judicial notice "argument" comprised one sentence in a footnote: "BRN requests that the Court take judicial notice of this lease." This sentence was followed by a single citation which, as discussed below, misstates Ninth Circuit law. BRN's Mot. to Dismiss 22 n.11. BRN did not cite Federal Rule of Evidence 201, which governs judicial notice and provides that a court may take judicial notice of "an adjudicative fact if it is

_____

[1] Rule 1 states:

> These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.

Fed. R. Civ. P. 1.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   'not subject to reasonable dispute,'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th

2   Cir. 2018) (quoting Fed. R. Evid. 201(b)), or otherwise explain how the lease satisfied the

3   requirements of that rule.  The court cannot analyze an argument that counsel fails to develop.

4        In any event, BRN is wrong on the merits.  The sole authority BRN cited in support of

5   judicial notice of the lease was *In re CNET Networks, Inc.*, 483 F. Supp. 2d 947, 953 (N.D. Cal.

6   2007), for its statement that "[o]n considering a motion to dismiss, judicial notice of the full text of

7   documents referenced in a complaint is proper under the doctrine of incorporation by reference."

8   BRN's Mot. to Dismiss 22 n.11.  This is an inaccurate statement of the law.[2]  Under Ninth Circuit

9   authority, incorporation by reference is appropriate "if the plaintiff refers extensively to the

10  document or the document forms the basis of the plaintiff's claim," but "the mere mention of the

11  existence of a document is insufficient to incorporate the contents of a document." *Khoja*, 899

12  F.3d at 1002 (quotations and citations omitted).  The FASC does not refer extensively to the lease,

13  nor does the lease form the basis of Verizon's claims.  Therefore, the court could not consider the

14  lease under the incorporation by reference doctrine.

15       BRN next argues that the court should reconsider the portion of its order rejecting the

16  standing argument on the ground that "the parties' arguments raise factual issues that are not

17  conducive to determination on a pleadings motion."  Mot. 7 (quoting *GTE II*, 2021 WL 4442650,

18  at *6).  Here, BRN contends that the court failed to consider the "material fact" that Verizon stated

19  in its opposition that "[t]he facts relevant to [the motion to dismiss the FASC] are few and

20  undisputed."  Mot. 7 (quoting Docket No. 41 at 2).  This argument also lacks merit.  BRN takes

21  Verizon's words out of context; the quote from Verizon's papers merely introduced a brief

22  statement of facts about Berkeley's denial of Verizon's application.  BRN's position is also

23  disingenuous.  It ignores the portion of its own motion that acknowledges Verizon and BRN's

24  dispute about the significance of purported statements by an EBMUD official that BRN contends

25  _____

26  [2] BRN has also conflated judicial notice under Federal Rule of Evidence 201 and the incorporation
    by reference doctrine, which are distinct concepts.  *See Khoja*, 899 F.3d at 998 (explaining that the
27  incorporation by reference doctrine and Rule 201 judicial notice both "permit district courts to
    consider materials outside a complaint [when ruling on a Rule 12(b)(6) motion], but each does so
28  for different reasons and in different ways.").

United States District Court
Northern District of California

1    support its standing argument, as well as the official's role and apparent authority to speak on

2    behalf of EBMUD.  Mot. to Dismiss 24 n.12.

3          Finally, BRN argues that the court should reconsider its ruling that "BRN does not explain

4    how a provision in the lease purportedly giving EBMUD final authority to reject the project

5    defeats Verizon's Article III standing to challenge Berkeley's decision on its application under the

6    TCA."  Mot. 7-8 (quoting *GTE II*, 2021 WL 4442650, at *6).  BRN argues that this fails to

7    consider "the dispositive legal arguments" that it presented in its brief.  To the contrary, the court

8    considered BRN's argument on this point and concluded that it was opaque and unpersuasive.

9          In sum, BRN has failed to show a "manifest failure by the court to consider material facts

10   or dispositive legal arguments presented before" the September 28, 2021 order denying its motion

11   to dismiss the FASC.  Accordingly, its motion for leave to file a motion for reconsideration is

12   denied.

13   **IV.    CONCLUSION**

14         For the foregoing reasons, BRN's motion for leave to file a motion for reconsideration is

15   denied.

16         **IT IS SO ORDERED.**

17   Dated: February 24, 2022



18

19                                                            Donna M. Ryu
                                                      United States Magistrate Judge
20

21

22

23

24

25

26

27

28