UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GTE MOBILNET OF CALIFORNIA LIMITED PARTNERSHIP,<br><br>   Plaintiff,<br><br>   v.<br><br>CITY OF BERKELEY,<br><br>   Defendant. | Case No. 20-cv-05460-DMR<br><br>**ORDER ON REMEDY FOR FAILURE TO ACT CLAIM** |

This is an action under the Telecommunications Act of 1996 ("TCA"), 47 U.S.C. § 332(c)(7). Plaintiff GTE Mobilnet of California ("Verizon") alleges Defendant City of Berkeley ("Berkeley") unlawfully denied Verizon's application to construct a personal wireless service facility in Berkeley, California. In relevant part, the court determined on cross motions for summary judgment by Verizon and Intervenor-Defendants Berryman Reservoir Neighbors ("BRN") that Berkeley failed to act on Verizon's application "within a reasonable period of time" after it was filed in violation of 47 U.S.C. § 332(c)(7)(B)(ii) (the "failure-to-act claim). *GTE Mobilnet of Cal. Ltd. P'ship v. City of Berkeley* ("*GTE I*"), No. 20-CV-05460-DMR, 2023 WL 2648197, at *18 (N.D. Cal. Mar. 27, 2023).[1] It also held that Verizon was entitled to summary judgment on the second prong of its claim that Berkeley's September 2020 denial of the application had the effect of prohibiting Verizon from providing personal wireless services in violation of 47 U.S.C. § 332(c)(7)(B)(i)(II) (the "effective prohibition" claim). *Id*. at *28.

Two issues remained following summary judgment: 1) the first prong of the effective

---

[1] The court granted BRN's motion for summary judgment on Verizon's claim that the denial of the application was not based on substantial evidence in violation of 47 U.S.C. § 332(c)(7)(B)(iii). *GTE Mobilnet*, 2023 WL 2648197, at *23.

1   prohibition claim, i.e., the showing of a "significant gap" in service coverage as of the time of the
2   denial; and 2) the appropriate remedy for the failure-to-act claim.  The court deferred the question
3   of the remedy for the failure-to-act claim "until the effective prohibition claim is resolved, because
4   resolution of the effective prohibition claim in Verizon's favor would effectively moot the relief
5   requested on the failure-to-act claim."  *Id*. at *29.

6   Following a bench trial on the significant gap issue, the court issued Findings of Fact and
7   Conclusions of Law holding that Verizon "failed to prove by a preponderance of the evidence that
8   there was a significant gap in coverage in the relevant area in 2020" and granting judgment in
9   BRN and Berkeley's favor on the effective prohibition claim.  *GTE Mobilnet of California Ltd.*
10  *P'ship v. City of Berkeley*, No. 20-CV-05460-DMR, 2024 WL 4581307, at *10 (N.D. Cal. Oct. 25,
11  2024).  The court ordered the parties to submit briefs addressing the appropriate remedy for the
12  failure-to-act claim and the parties timely filed the requested briefing.  [Docket Nos. 174, 176,
13  177.]  The court now rules.[2]

14  The TCA provides that "[a] State or local government or instrumentality thereof shall act
15  on any request for authorization to place, construct, or modify personal wireless service facilities
16  within a reasonable period of time after the request is duly filed with" such a municipality.  47
17  U.S.C. § 332(c)(7)(B)(ii).  A "reasonable period of time" under this provision "is presumptively
18  (but rebuttably) 90 days to process a collocation application (that is, an application to place a new
19  antenna on an existing tower) and 150 days to process all other applications."  *City of Arlington,*
20  *Tex. v. F.C.C.*, 569 U.S. 290, 295 (2013) (citing *In the Matter of Petition for Declaratory Ruling*
21  *to Clarify Provisions of Section 332(c)(7)(b)* ("*Shot Clock Order*"), 24 F.C.C. Rcd. 13994, 14005
22  (2009)).  If a municipality denies the request, the denial "shall be in writing and supported by
23  substantial evidence contained in a written record."  47 U.S.C. § 332(c)(7)(B)(iii).

24  Here, the court found that after several agreements between Verizon and Berkeley to toll
25  the deadline, the final deadline for Berkeley to act on the application (the "shot clock deadline")
26  was July 10, 2020.  *GTE I*, 2023 WL 2648197, at *13.  Berkeley did not issue a written denial

27

28  _____
    [2] This matter is suitable for resolution without a hearing.  Civ. L.R. 7-1(b).

1  until September 8, 2020, 60 days after the shot clock deadline. *Id.* at *16.

2  The TCA does not specify a remedy for a failure-to-act claim. *See* 47 U.S.C. § 332(c)(7)(B)(v). Verizon argues that it is entitled to an injunction granting the application for the proposed facility, or in the alternative, order Berkeley to "conduct an expedited review of the present-day gap since the court already found the proposed site and design to be the least intrusive." Pl.'s Br. 2.

The Federal Communications Commission ("FCC") has repeatedly declined to impose "a requirement that zoning applications be 'deemed granted' as soon as the [shot clock] deadlines expired." *Shot Clock Order*, 24 F.C.C. Rcd. at 14030; *In the Matter of Acceleration of Broadband Deployment by Improving Wireless Facilities Siting Pol'ys*, 29 F.C.C. Rcd. 12865, 12978 (2014); *In the Matter of Accelerating Wireless Broadband Deployment by Removing Barriers to Infrastructure Inv.*, 33 F.C.C. Rcd. 9088, 9153-54 (2018) ("*Small Cell Order*"). Instead, the FCC has explained that "if a court finds that the State or local authority has failed to rebut the presumption that it failed to act within a reasonable time, the court would then review the record to determine the appropriate remedy. The State or local authority's exceeding a reasonable time for action would not, in and of itself, entitle the siting applicant to an injunction granting the application." *Shot Clock Order*, 24 F.C.C. Rcd. At 14005 n.99. The failure to act within the reasonable time frames may be a "significant factor[ ]" weighing in favor of injunctive relief. *Small Cell Order*, 33 F.C.C. Rcd at 9150.

In light of the record of this case, including that the court has upheld the denial of Verizon's application and that Berkeley issued a written decision on September 8, 2020, 60 days after the shot clock deadline and shortly after Verizon filed this lawsuit, the court concludes that any request for injunctive relief based on the untimely decision is moot. *See, e.g., Up State Tower Co., LLC v. Vill. of Lakewood*, 431 F. Supp. 3d 157, 170 (W.D.N.Y. 2020) ("The ZBA issued a written decision shortly after Plaintiffs brought this action for injunctive relief . . . . Because in this case the ZBA issued a decision, which in turn gave rise to the Amended Complaint, Plaintiffs' request for injunctive relief on the basis of an untimely decision is denied as moot."); *Clear Wireless, LLC v. City of Wilmington*, No. 10-218-MPT, 2010 WL 3463729, at *4 (D. Del. Aug.

3

1  30, 2010) (dismissing plaintiff's failure-to-act claim because "the only reasonable relief for such a
2  failure is to require a written decision, which defendants have already provided").
3      The parties shall file a jointly proposed judgment by no later than December 16, 2024.

5  **IT IS SO ORDERED.**
6  Dated: December 2, 2024



Donna M. Ryu
Chief Magistrate Judge